UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| Plaintiff | : | |
| v. | : | CIVIL NO. 4:CV-07-1199 |
| ADAMS COUNTY PROBATION, ET AL., | : | (Judge McClure) |
| Defendants | : | |

## **MEMORANDUM**

July 19, 2007

**Background**

This *pro se* civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Jay A. Wivell ("Plaintiff"), an inmate presently confined at the Adams County Correctional Facility, Gettysburg, Pennsylvania. The Plaintiff has submitted a request seeking leave to proceed *in forma pauperis*. For the reasons set forth below, Wivell's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are the Adams County, Pennsylvania Adult Probation Office and four (4) of its employees, Rodney Wagner, Michael Hinkle, Jay

Ondrizek, and Kelly Yates.   This is the latest in a recent series of civil rights complaints filed by Wivell relating to  civil and criminal proceedings filed against him in the Adams County Court of Common Pleas.

Plaintiff's present action alleges that the Defendants have engaged in abusive conduct in violation of his constitutional rights.  See Record document no. 1, ¶ IV.  He generally contends that Adams County parole officers acted improperly by violating his parole: (1) for going to Pittsburgh; (2) having contact with his wife when they lived together; (3) due to the filing of a Protection From Abuse ("PFA") petition; (4) based upon breathalyzer test result stemming from use of cold medicine; and (5) "in Maryland out of Adam [sic] County jurisdiction." Id.

His complaint further indicates that the Defendants verbally threatened him to sign documents, held him without bail, and used tainted legal documents. Wivell also contends that he was the victim of a conspiracy because an Adams County probation official is married to an employee in the Adams County District Attorney's Office.  As relief, Plaintiff seeks an award of monetary damages.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1] In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of *in forma pauperis* claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

It is initially noted that  in Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.

In Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006), the Third Circuit Court of Appeals recognized that Heck is applicable to § 1983 claims relating to parole revocation.  See also,  Hunterson v. Disbato, 2007 WL 1771315 (3d Cir. June 20, 2007).  Based on the allegations raised by Wivell, a finding in his favor would imply the invalidity of his parole violation proceedings in Adams County.  See  Gibson v. Superintendent, 411 F.3d 427, 449 (3d Cir. 2005); Sanchez v. Gonzalez, No. 05-2552, 2005 WL 2007008 *2  (D.N.J.  Aug. 16,

2005). Consequently, the Complaint to the extent that it seeks monetary relief for conduct related to adverse parole violation proceedings in Adams County, is barred from consideration under Heck until such time as the results of those proceedings have been overturned or otherwise determined to be invalid.

In addition, a plaintiff cannot rely on broad or conclusory allegations in setting forth a claim of conspiracy. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992), cert. denied, 506 U.S. 1079 (1993); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Court of Appeals for the Third Circuit requires that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

A conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Thus, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871

F.2d at 366; <u>Young v. Kann</u>, 926 F.2d 1396 1405 n.16; <u>Chicarelli v. Plymouth Garden Apartments</u>, 551 F. Supp. 532, 539 (E.D. Pa. 1982).  There must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity.  <u>Deck v. Leftridge</u>, 771 F.2d 1168, 1170 (8th Cir. 1985).  A plaintiff cannot rely on subjective suspicions and unsupported speculation.  <u>Young</u>, 926 F.2d at 1405 n.16 (3d Cir. 1991).

Based upon an application of the above standards,  Plaintiff's vague conspiracy claim which is entirely premised on his assertion that a Parole Office employee is married to an employee of the District Attorney's Office, does not satisfy the pleading requirements of <u>Rose</u>, <u>Deck</u>, and <u>Young</u>.  Specifically, there are simply no averments of fact in the Complaint that reasonably suggest the presence of an agreement or concerted activity between any Adams County officials to violate Plaintiff's civil rights.  It is apparent that Plaintiff's assertion of a conspiracy between the District Attorney's Office and parole officials to deprive him of his constitutional rights is nothing more than mere speculation.

Finally, mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  <u>Fisher v. Woodson</u>, 373 F. Supp. 970, 973 (E.D. Va. 1973); <u>see also</u> <u>Balliet v. Whitmire</u>, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir. 1986) (Mem.).  Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim.

For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words.  See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).  Verbal harassment also may rise to a constitutional level in a situation where fulfillment of the threat was conditioned on the inmate's exercising some constitutionally protected right. Bieros v. Nicola, 860 F. Supp. 226, 233 (E.D. Pa. 1994); see also Prisoners' Legal Ass'n, 822 F. Supp at 189; Murray, 809 F. Supp. at 384.  Wivell has not alleged that the verbal harassment was accompanied by any reinforcing physical act as contemplated under Northington.  Likewise, there is no indication the purported threats were not premised on Plaintiff's future engagement in a constitutionally protected activity.  Wivell's bald assertion of verbal harassment does not rise to the level of a viable constitutional claim.

In conclusion, since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous.  Wilson, 878 F.2d at 774.  An appropriate Order will enter.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY A. WIVELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-07-1199 |
| | : | |
| ADAMS COUNTY PROBATION, | : | (Judge McClure) |
| ET AL., | : | |
| | : | |
| Defendants | : | |

## **ORDER**

July 19, 2007

In accordance with the accompanying Memorandum**, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

      s/ James F. McClure, Jr.
      JAMES F. McCLURE, JR.
      United States District Judge